PONDER, Justice.
 

 The plaintiffs, Robert L. O’Neal and his-wife, brought suit against the Southern Carbon Company seeking to recover damages for injury to their residence, the contents therein, and to their persons alleged to be occasioned by soot and oily substances, dispensed from the defendant’s plant in the-manufacture of carbon black. The plaintiffs allege that the injury occasioned is-substantial' and irreparable. They ask for an award of damages and the abatement of the alleged nuisance.
 

 The plaintiffs’ suit was dismissed by the-lower court by a judgment sustaining an exception of no cause of action. They have appealed.
 

 It appears from the written reasons for judgment handed down by the lower court that the suit was dismissed because the plaintiffs had failed to allege any negli
 
 *1078
 
 gence on the part of the defendant. The lower court was of the opinion that the plaintiffs would not he entitled to recover damages in the absence of any allegation or proof of negligence on the part of the defendant.
 

 We have this day handed, down an opinion in the case of Devoke et al. v. Yazoo and Mississippi Valley Railroad Company, La.Sup., 30 So.2d 816, wherein we discussed at' length the law governing nuisances arising from the operation of a lawful business which caused substantial injury to adjoining property owners, and arrived at the conclusion that liability in such cases does not depend on the question of negligence. We cited many authorities to support our conclusion. Since the liability does not depend on the question of negligence, the plaintiffs’ petition is sufficient to support a cause of action although it does not contain any allegation of negligence.
 

 For the reasons assigned, the judgment of the lower court is reversed and set aside; the exception of no cause of action is overruled; and the case is remanded to the lower court to be proceeded with according to law. The cost of this appeal is to be paid by the defendant, and all other costs are to await the final disposition of the cause.
 

 O’Niell, C. J., concurs in the decree.